**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MELINDA ROGERS | : | |
| 4200 Stirling St., 1st Floor | : | CIVIL ACTION |
| Philadelphia, PA 19135 | : | |
| | : | NO. |
| Plaintiff, | : | |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| PHILADELPHIA GAS WORKS | : | |
| 800 W. Montgomery Avenue | : | |
| Philadelphia, PA 19122 | : | |
| | : | |
| Defendant. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Melinda Rogers (hereinafter referred to as "Plaintiff" unless otherwise indicated), by and through her undersigned counsel, hereby avers as follows:

### I. Introduction

1.      Plaintiff has initiated this action to redress violations by Defendant of the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 *et. seq.*), the Americans with Disabilities Act ("ADA" - 42 USC §§ 12101 *et. seq.*), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code 9-1100 *et seq.* ("PFPO").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA and PFPO are referenced herein for notice purposes. She is required to wait 1 full year from date of dual-filing with the EEOC before those claims become administratively exhausted. Once exhausted, Plaintiff will seek to amend her complaint to add those additional claims, which will identically mirror her federal claims under the ADA.

1

## II.   Jurisdiction and Venue

2.      This Court may properly maintain jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co v. State of Washington, 326 U.S. 310 (1945) and its progeny.

3.      This action is initiated pursuant to a federal law.  The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

4.      Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III.   Parties

5.      The averment of the foregoing paragraph is hereby incorporated by reference as if set forth fully herein.

6.      Plaintiff is an adult individual residing at the above-captioned address.

7.      Philadelphia Gas Works ("PGW" or "Defendant"), is a municipally owned gas company operating in Pennsylvania with a principal place of business at the above-captioned address.

2

8.      At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## IV.  Factual Background

9.      The averments of the foregoing paragraphs are hereby incorporated by reference as if set forth fully herein.

10.      Plaintiff was hired by Defendant on or about February 9, 2015 as a Call Center Specialist.

11.      In total, Plaintiff was employed by Defendant for more than 5 years working out of the above-captioned Philadelphia location, until she was impermissibly terminated on or about December 7, 2020, as described *infra*.

12.      During the relevant timeframe in this matter, Plaintiff was supervised by several individuals, including but not limited to Zayda Santiago (Supervisor).

13.      Throughout her employment with Defendants, Plaintiff was a dedicated and hard-working employee who performed her job very well.

14.      Plaintiff has an continues to suffer from disabilities, including but not limited to depression, anxiety and chronic migraines.

15.      As a result of Plaintiff's aforesaid health conditions, Plaintiff is (at times) limited in her ability to perform some daily life activities, including but not limited to performing manual tasks, concentrating, thinking, and working (as well as other daily life activities)

16.     Despite her aforementioned health conditions and limitations, Plaintiff was still able to perform the duties of her job well with Defendants; however, Plaintiff did require reasonable medical accommodations at times.

17.     Specifically, Plaintiff required accommodations from Defendant including intermittent time off from work to care and treat for her disabilities, for which she utilized leave under the Family and Medical Leave Act ("FMLA").

18.     While Plaintiff has a long-term history of dealing with and treating for her aforementioned health conditions, her disabilities became worse in the years 2019 and 2020.

19.     The (yet uncorrected) problem is that Defendant has exhibited one of the worst administrations of FMLA leave for employees in the greater Philadelphia area. In particular:

   (A) Defendant has been sued numerous times for mishandling FMLA of employees;

   (B) Defendant incorrectly handles FMLA paperwork on a pervasive basis;

   (C) Defendant inaccurately counts or calculates FMLA usage on a pervasive basis;

   (D) Defendant fails to follow written notice obligations to employees under the FMLA on a pervasive basis; and

   (E) Defendant uses FMLA usage as a factor in taking adverse actions against employees.

20.     Defendants ongoing mishandling of FMLA for many years on such a continual basis is illustrative of gross reckless indifference, intent, and a knowing failure to educate or remedy its improper FMLA administration prejudicing employees. During the course of the case, Plaintiff will demonstrate willfulness through continual FMLA violations over the span of many years (in addition to significant other evidence specific to Plaintiff).

21.     By the September 2020 timeframe, it is believed that Plaintiff's semi-annual or annual certification for FMLA use had lapsed, however, Plaintiff was unclear as to whether her FMLA entitlements were fully exhausted for the following year or whether her certification for usage was deemed to expire, as Defendant failed to maintain proper communication or written updates in this regard.

22.     As of September 2020, Defendant's management, including but not limited to Santiago, had been informed by Plaintiff on numerous occasions: (a) about her health history and various complications when occurring; (b) her FMLA needs over the prior year(s); and (c) that unfortunately as of the fall of 2020 she had no primary care physician because Plaintiff's had retired, which created substantial difficulty in Plaintiff finding a new one, getting any actual medical documentation, and trying to get a new FMLA certification for future needs (even requiring her to use Urgent Care instead of a regular doctor's office).

23.     Because it is well known within Defendant that the entity as a whole may look for any reason to terminate someone who uses FMLA, Plaintiff went out of her way to work between September and November without missing time from work, leading her to: (a) work through pain and discomfort; (b) search for a new physician; and (c) try to get new FMLA documentation during this timeframe.

24.     Unfortunately, Plaintiff became very sick between November 11, 2020 and through late November 2020 (a period of several weeks). Believing she had COVID, Plaintiff shared this with management, including but not limited to Santiago.

25.     Plaintiff worked from home from on or about November 11, 2020 through on or about November 20, 2020, however, after taking a COVID test on or about November 21, 2020,

on or about November 23, 2020, Plaintiff called out of work because the physician whom she had seen (at Urgent Care) had verbally and in a note to her identified that she should quarantine and not work.[2]

26.    Although Plaintiff continued to work following November 23, 2020, on or about December 7, 2020, approximately two (2) weeks later, Plaintiff was terminated.

27.    Plaintiff was first informed of her termination verbally and she was thereafter sent a letter identifying the same. In both notifications, Plaintiff's alleged exhaustion of FMLA was referenced and Plaintiff was informed that she was being terminated for missing the ***single day*** of work on or about November 23, 2020.

28.    Plaintiff was further told that she had no remaining sick time and had allegedly failed to provide a doctor's note for November 23, 2020.

29.    Such a reason for termination, however, is discriminatory and entirely pretextual as:

    a.  Plaintiff understood her physician to have provided a doctor's note for this date to Defendant by facsimile, which she informed Defendant of and in fact offered to provide such a note after she was informed that it allegedly had not been received;

    b.  All of the time Plaintiff had missed prior to November 23, 2020 was either for FMLA usage, related to flareups of Plaintiff's disabilities, or other medical needs (accommodations under the ADA); therefore, Plaintiff was terminated for missing a ***single day*** of work past her protected medical leaves, with her prior leave obviously being counted negatively against her;

---

[2] Fortunately, Plaintiff tested negative for COVID and continued to work.

6

    c.   Other employees who did not utilize the FMLA or accommodations under the ADA would miss days, weeks, or months from work at varying times and under different circumstances without facing termination;

    d.   Plaintiff had taken protected medical leave in exceedingly close proximity to being terminated, including in the days leading up to her ultimate separation; and

    e.   Defendant had previously displayed its animosity towards Plaintiff's use of medical leave, as Plaintiff had been denied raises for her history of absences in 2019 and 2020, and was told by management, including Santiago, to "watch your back" in reference to her use of FMLA leave. Moreover, members of Defendant's management had rolled their eyes, grunted at Plaintiff, and visibly showed their disdain for employees such as Plaintiff using FMLA or other leave for their health conditions.

30.    Essentially, Defendant waited for the first opportunity it could find to terminate Plaintiff for her use of prior medical leave under the FMLA and ADA, considering such prior leave in terminating her for a *single absence* under highly pretextual circumstances, in a manner disparately from other non-disabled employees.

31.    Therefore, Plaintiff submits that Defendant terminated her because of her disabilities, her use of FMLA leave and accommodations under the ADA, and to prevent her from utilizing such leave in the future, in violation of the FMLA and ADA.

**Count I**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference & Retaliation)**

32.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33.    Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

34.    Plaintiff met all FMLA eligibility requirements throughout her employment, and Plaintiff exercised her rights to use intermittent FMLA leave.

35.    Plaintiff was terminated unlawfully as outlined throughout this Complaint, and these actions as stated herein constitute interference, discrimination, and retaliation violations of the FMLA.

**Count II**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**(Actual/Perceived/Record of Disability Discrimination and Retaliation)**

36.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37.    Plaintiff suffers from qualifying health conditions under the ADA which affected (at times) her ability to perform some daily life activities, as outlined *supra*.

38.    Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendant, but at times required reasonable accommodations, such as intermittent medical leave.

39.     As outlined throughout this Complaint, Plaintiff was terminated because of: (1) her known and/or perceived health problems; (2) her record of impairment; (3) her requested accommodations; and/or (4) in retaliation for her need for reasonable accommodations.

40.     These actions as aforesaid constitute violations of the ADA, as amended.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/interference at the hands of Defendant until the date of verdict;

C.     Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F.      Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF, & CERUTTI, P.C.**

By:   _____
Ari R. Karpf
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Date: July 28, 2021

10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| Melinda Rogers | : | CIVIL ACTION |
| v. | : |  |
| Philadelphia Gas Works | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X )

| 7/28/2021 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _4200 Stirling Street, 1st Floor, Philadelphia, PA 19135_

Address of Defendant: _800 W. Montgomery Avenue, Philadelphia, PA 19122_

Place of Accident, Incident or Transaction: _Defendant's place of business_

---

***RELATED CASE, IF ANY:***

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _7/28/2021_   _____ Attorney-at-Law / Pro Se Plaintiff    _ARK2484 / 91538_
Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

*A.*   *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

*B.*   *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Ari R. Karpf_ , counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _7/28/2021_   _____ Attorney-at-Law / Pro Se Plaintiff    _ARK2484 / 91538_
Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ROGERS, MELINDA

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

PHILADELPHIA GAS WORKS

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

1  U.S. Government Plaintiff

**X** 3  Federal Question
*(U.S. Government Not a Party)*

2  U.S. Government Defendant

4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment & Enforcement of Judgment<br>151 Medicare Act<br>152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>153 Recovery of Overpayment of Veteran's Benefits<br>160 Stockholders' Suits<br>190 Other Contract<br>195 Contract Product Liability<br>196 Franchise | **PERSONAL INJURY**<br>310 Airplane<br>315 Airplane Product Liability<br>320 Assault, Libel & Slander<br>330 Federal Employers' Liability<br>340 Marine<br>345 Marine Product Liability<br>350 Motor Vehicle<br>355 Motor Vehicle Product Liability<br>360 Other Personal Injury<br>362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>365 Personal Injury - Product Liability<br>367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>370 Other Fraud<br>371 Truth in Lending<br>380 Other Personal Property Damage<br>385 Property Damage Product Liability | 625 Drug Related Seizure of Property 21 USC 881<br>690 Other | 422 Appeal 28 USC 158<br>423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>820 Copyrights<br>830 Patent<br>835 Patent - Abbreviated New Drug Application<br>840 Trademark | 375 False Claims Act<br>376 Qui Tam (31 USC 3729(a))<br>400 State Reapportionment<br>410 Antitrust<br>430 Banks and Banking<br>450 Commerce<br>460 Deportation<br>470 Racketeer Influenced and Corrupt Organizations<br>480 Consumer Credit<br>490 Cable/Sat TV<br>850 Securities/Commodities/ Exchange<br>890 Other Statutory Actions<br>891 Agricultural Acts<br>893 Environmental Matters<br>895 Freedom of Information Act<br>896 Arbitration<br>899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>210 Land Condemnation<br>220 Foreclosure<br>230 Rent Lease & Ejectment<br>240 Torts to Land<br>245 Tort Product Liability<br>290 All Other Real Property | **CIVIL RIGHTS**<br>440 Other Civil Rights<br>441 Voting<br>442 Employment<br>443 Housing/ Accommodations<br>**X** 445 Amer. w/Disabilities - Employment<br>446 Amer. w/Disabilities - Other<br>448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>463 Alien Detainee<br>510 Motions to Vacate Sentence<br>530 General<br>535 Death Penalty<br>**Other:**<br>540 Mandamus & Other<br>550 Civil Rights<br>555 Prison Condition<br>560 Civil Detainee - Conditions of Confinement | **LABOR**<br>710 Fair Labor Standards Act<br>720 Labor/Management Relations<br>740 Railway Labor Act<br>751 Family and Medical Leave Act<br>790 Other Labor Litigation<br>791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>462 Naturalization Application<br>465 Other Immigration Actions | **SOCIAL SECURITY**<br>861 HIA (1395ff)<br>862 Black Lung (923)<br>863 DIWC/DIWW (405(g))<br>864 SSID Title XVI<br>865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>870 Taxes (U.S. Plaintiff or Defendant)<br>871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

**X** 1 Original Proceeding   2 Removed from State Court   3 Remanded from Appellate Court   4 Reinstated or Reopened   5 Transferred from Another District *(specify)*   6 Multidistrict Litigation - Transfer   8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)
Brief description of cause:
Violations of the ADA, FMLA, PHRA and the PFPO.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND:   **X** Yes   No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____   DOCKET NUMBER _____

DATE   7/28/2021    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

Print   Save As...   Reset